UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TAMI B.,

            Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

CASE NO. C21-328-BAT

**ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS**

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the ALJ erroneously rejected her testimony and two medical opinions. Dkt. 11. For the reasons below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff applied for Disability Insurance Benefits on June 22, 2018, alleging disability as of March 17, 2017. Tr. 530–31. She was a younger individual at the time of her application, but changed to closely approaching advanced age during the alleged disability period. Tr. 25. Her application was denied initially and on reconsideration. Tr. 529–69. ALJ Glenn Meyers held a

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY
BENEFITS - 1

hearing at Plaintiff's request on August 18, 2020.[1] Tr. 493–528. On September 2, 2020, the ALJ issued a decision finding Plaintiff not disabled. Tr. 15–26. In relevant part, the ALJ found Plaintiff had severe impairments of Sjogren's syndrome, asthma, spinal impairment(s), sleep apnea, obesity, neurocognitive disorder(s), and anxiety disorder(s). Tr. 17. The ALJ found Plaintiff could perform light work with some postural and environmental restrictions, and could perform unskilled, repetitive, routine tasks in two-hour increments. Tr. 19.

The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision. Tr. 1–3.

## DISCUSSION

### A. Plaintiff's Testimony

Plaintiff contends the ALJ erred by discounting her symptom testimony. Plaintiff reported she is disabled primarily due to spinal problems and extreme fatigue. Tr. 711. She testified she could walk half a mile on a treadmill in July 2018, but could not walk at all on a treadmill by August 2020. Tr. 506, 716. She testified she could walk a mile outside in July 2018, but could only walk three-quarters of a mile by August 2020. Tr. 506, 716. Plaintiff testified she can only do things in short spurts due to exhaustion. Tr. 511–12, 515. Plaintiff testified she has trouble with concentration, comprehension, and following directions due to fatigue. Tr. 520–21, 711, 716.

Because the ALJ found Plaintiff presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and no affirmative evidence of malingering, the ALJ was required to provide "specific, clear, and convincing" reasons

---

[1] The hearing was conducted via telephone "due to the extraordinary circumstance presented by the Coronavirus Disease 2019 (COVID-19) Pandemic." Tr. 15.

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY
BENEFITS - 2

supported by substantial evidence to discount Plaintiff's testimony as to symptom severity. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

The ALJ reasonably discounted Plaintiff's testimony as inconsistent with the overall medical evidence. Tr. 20–23. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)). The ALJ reasonably concluded Plaintiff's claims were inconsistent with her medical examinations, which were largely normal. *See, e.g.*, Tr. 921–22, 1055, 1156, 1191, 1282, 1595–96, 1723, 1888, 2078, 2238–39. Further, the ALJ reasonably concluded Plaintiff's symptoms improved, and were controlled with medication. *See, e.g.*, Tr. 925, 927, 1140, 1145, 1303, 1611, 1833–34, 2236. The ALJ thus rationally interpreted the evidence, and did not err in discounting Plaintiff's testimony.

B.   **Medical Opinion Evidence**

Plaintiff contends the ALJ erred by rejecting the opinions of treating rheumatologist Arinola Dada, M.D., and treating primary care provider Pratima Sharma, M.D. Under 20 C.F.R. § 404.1520c(b)(2), (c), the ALJ considers the persuasiveness of the medical opinion using five factors (supportability, consistency, relationship with claimant, specialization, and other), with supportability and consistency being the two most important factors. The decision must explain how the ALJ considered the factors of supportability and consistency, 20 C.F.R. § 404.1520c(b), and must be supported by substantial evidence.

Dr. Dada submitted a letter, dated August 13, 2020, describing his treatment of Plaintiff and opining as to her limitations. Tr. 1844–45. Dr. Dada opined Plaintiff's "chronic fatigue,

chronic pain, Sjogren's syndrome [sic] have prevented her from performing work-like activities at a sedentary level." Tr. 1844.

Dr. Sharma submitted a letter, dated August 17, 2020, describing Plaintiff's treatment and opining as to her limitations.  Tr. 1846–47.  Dr. Sharma testified Plaintiff "can remain awake, productive [sic] for about 8 to 12 hours on a good day." Tr. 1847.  Dr. Sharma opined "[m]inimal activity such as standing for about 10 minutes causes back pain, flares or plantar fasciitis and peripheral arthritis."  Id.  Dr. Sharma opined Plaintiff "finds herself unable to complete her day-to-day tasks, and is unable to work."  Id.

The ALJ rejected Dr. Dada's and Dr. Sharma's opinions.  Tr. 23.  The ALJ reasoned the doctors' treatment records did not support their opinions, as those records contained almost entirely unremarkable findings.  Id.  The ALJ found because these doctors' findings were unremarkable, the doctors must have based their opinions on Plaintiff's self-reports, which the ALJ previously rejected.  Id.  And the ALJ found the doctors' opinions were inconsistent with the overall medical record, which showed improvement and adequate control of Plaintiff's symptoms.  Tr. 23–24.

The ALJ did not err in rejecting Dr. Dada's and Dr. Sharma's opinions.  The doctors' records, as well as those of other providers, contained nearly all normal findings.  See, e.g., Tr. 926, 1055, 1064, 1596, 1601, 1859–60, 1907, 1998.  And, as discussed above, the ALJ reasonably concluded the overall record showed Plaintiff's symptoms improved and were adequately controlled.  See, e.g., Tr. 925, 927, 1140, 1145, 1303, 1611, 1833–34, 2236.  Plaintiff argues the ALJ erred in making these findings. However, the Court cannot say the ALJ's assessment of the record is unreasonable and unsupported by the record. Hence, even if Plaintiff's assessment of the record is reasonable, the Court is required to affirm the ALJ's

assessment. Because the ALJ gave valid reasons supported by substantial evidence to reject Dr. Dada's and Dr. Sharma's opinions, whether the doctors relied upon Plaintiff's self-reports is inconsequential to the outcome here and need not be further discussed.

Plaintiff also contends the ALJ erred by giving greater weight to other medical consultants and by failing to address whether Plaintiff met or equaled Listing 14.10. Because these arguments rely upon the ALJ's assessment of the opinions of Drs. Dada and Sharma, and the ALJ did not err in rejecting their opinions, Plaintiff's arguments fail.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 13th day of October, 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge